IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                                                                    Civil Action No. 3:23cv196 (DJN)

MEDIKO CORRECTIONAL HEALTHCARE, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on March 27, 2023, the Court dismissed the action without prejudice because Plaintiff had at least three actions or appeals dismissed as frivolous or for failure to state a claim, and his complaint did not suggest he was in imminent danger of serious harm. (ECF Nos. 3, 4.) The Court explained that he could submit a new complaint with the full $402 filing fee.

On June 20, 2023, the Court received from Plaintiff a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 8.) Despite Plaintiff's labeling, because the motion was filed more than twenty-eight days after the entry of the March 27, 2023 Memorandum Opinion and Order, the motion is governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.

1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Rule 60(b) Motion, Plaintiff fails to identify under what subsection of Rule 60(b) he contends that he is entitled to relief. Further, Plaintiff fails to demonstrate any exceptional circumstances that warrant relief under Rule 60(b). *Dowell*, 993 F.2d at 48. As explained previously, because the action was dismissed without prejudice, Plaintiff remains free to refile his complaint as a new civil action with the $402 filing fee. Accordingly, the Rule 60(b) Motion will be DENIED.

Plaintiff also filed a Motion for Copies. (ECF No. 9.) Copies of documents are provided to indigent litigants at government expense only upon a showing of particularized need. *See Guinn v. Hoecker*, No. 94–1257, 1994 WL 702684, at *1 (10th Cir. 1994); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). Plaintiff fails to make any showing of particularized need. In the future, Plaintiff should also retain a copy of any document he files with the Court. Accordingly, Plaintiff's Motion for Copies (ECF No. 9) is DENIED.

If Plaintiff would like copies of certain documents, he may send a letter to the Clerk requesting copies. Copies are available at a rate of ten cents ($0.10) a page. Plaintiff requests a copy of his Complaint which is seven pages and would be $0.70. Thus, to obtain these copies, Plaintiff should send a money order made payable to the *Clerk, U.S. District Court* for the appropriate amount.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: July 17, 2023

3